5 F.3d 535
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Travis L. CAMPBELL, Plaintiff-Appellant,
v.
Dianne FEINSTEIN, An individual, Mayor of the City and
County of San Francisco; City and County of San
Francisco, Defendants-Appellees.
 No. 92-15624.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 13, 1993.
Decided Aug. 19, 1993.
 
 Before: KOZINSKI, THOMPSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Travis Campbell claims the City and County of San Francisco's Residential Rent Stabilization and Arbitration Board (Rent Board) violated his civil rights by depriving him and other landlords[1] of property without due process of law. To state a claim under 42 U.S.C. Sec. 1983, Campbell must show that this deprivation was the result of a policy or custom of the Rent Board. Monell v. Dep't of Social Serv., 436 U.S. 658, 690-691 (1978).[2] Though Campbell presented evidence of serious shortcomings in his own hearing and broadly alleges discrimination against landlords in the early years of the Board's existence, the district court concluded he had not demonstrated a policy or custom of depriving landlords of procedural due process. ER 257, Conclusion No. 15.
 
 
 3
 San Francisco's 1979 Residential Rent Stabilization and Arbitration Ordinance spelled out detailed procedures for handling rent adjustment petitions from both tenants and landlords, Admin.Code Sec. 37.8(b)(1)(A), (b)(2)(A), provided for notice, hearing and review, id. Sec. 37.8(b)(1)(C), (b)(2)(D), (b)(3), and required hearing officers to make written findings of fact, id. Sec. 37.8(b)(3)(D). The determination of the hearing officer was appealable to the full Rent Board, id. Sec. 37.8(b)(4), and then subject to review by the Superior Court, see Cal.Proc.Code Sec. 1094.5 (writ of mandate to review administrative decisions). And the neutrality of the Board itself was maintained by its composition: two landlords, two tenants and one person who was neither a landlord nor a tenant and who owned no residential property. Admin.Code Sec. 37.4(b). All of this amply satisfies "[t]he fundamental requirement of due process [of] the opportunity to be heard at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333 (1976) (internal quotation omitted).
 
 
 4
 Campbell presented evidence that his own hearing was flawed and that the Board, in general, had a strong pro-tenant bias. But the district court also heard testimony that the Board's hearing officers were selected for their impartiality, RT 851-54, 291, and trained to be fair and impartial at all times, RT 139-40, 840-41. Moreover, these hearing officers countered the alleged connection between the staff's personal views and their official actions, ER 257 p 24, RT 519, 808-11, 847-48, 868-69, 1033, and maintained that landlords were held to the same standards of proof as tenants, RT 517, 887. Vigorously denying that tenants' rights activists acted as a shadow staff for the Board, the City offered evidence that they did not have free access to the offices or to confidential files, RT 336, 387, did not solicit clients in the office, RT 388, and were distinguishable from the regular staff, RT 337.
 
 
 5
 This case thus boils down to disputed questions of fact and the credibility of witnesses--issues exclusively within the province of the district court. Anderson v. City of Bessemer City, 470 U.S. 564, 574-75 (1985). We cannot say on the record before us that the district court clearly erred in concluding that the City had no policy or custom of discriminating against landlords. Fed.R.Civ.P. 52. While Campbell may have shown that he was treated unfairly during his Rent Board hearing, proof of random acts or isolated events is insufficient to establish the necessary custom or policy under section 1983. Thompson v. City of Los Angeles, 885 F.2d 1439, 1443-1444 (9th Cir.1989).
 
 AFFIRMED
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Mr. Campbell does not purport to be a class representative, and thus cannot assert the claims of other landlords. Resolution of this case is therefore binding on no one else
 
 
 [2]
 Since Dianne Feinstein was dismissed as a defendant in 1981, Campbell currently asserts his section 1983 claim against the municipality only and thus is held to Monell's policy and custom requirements